IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>and<br><br>STATE OF NEW YORK, et al.,<br><br>                    Plaintiff-Intervenors<br><br>v.<br><br>AMERICAN ELECTRIC POWER SERVICE<br>CORP., et al.,<br><br>                    Defendants. | Consolidated Civil Action Nos.<br>C2-99-1182 and C2-99-1250<br><br>Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Terence P. Kemp |
| OHIO CITIZEN ACTION, et al.,<br><br>                    Plaintiffs<br><br>v.<br><br>AMERICAN ELECTRIC POWER SERVICE<br>CORP., et al.,<br><br>                    Defendants. | |

**Stipulated Agreement and Confidentiality
Order Regarding Settlement Negotiations**

WHEREAS, the United States, the Commonwealth of Massachusetts, Sierra Club and

American Electric Power Service Corp. ("AEP") (collectively hereinafter "the Parties") wish to

1

engage in settlement negotiations of the claims in this action (hereinafter "Subject Claims").

WHEREAS, the Parties recognize that meaningful settlement negotiations will require exchanges of information and opinions, offers of settlement or compromise, and other communications among them.

WHEREAS, the Parties agree that maintaining the confidentiality of Settlement Communications and Proprietary Information (as defined herein) would generally facilitate the free exchange of information and enhance the likelihood of successful negotiations.

ACCORDINGLY, the Parties wish to provide for the confidentiality of Settlement Communications through this Stipulated Agreement and Confidentiality Order (hereinafter "Stipulated Order").

NOW THEREFORE, the Parties do hereby stipulate and agree, and the Court, for good cause appearing, pursuant to its inherent authority, Federal Rules of Civil Procedure 26(c) and Federal Rules of Evidence 502, does hereby ORDER as follows:

1. For purposes of this Stipulated Order "Settlement Communications" means: (a) oral settlement discussions among the Parties concerning the Subject Claims and (b) materials in written or electronic form that are: (i) provided for purposes of settlement negotiations with respect to the Subject Claims, and (ii) are labeled in accordance with Paragraph 2. For purposes of this Stipulated Order "Proprietary Information" means: (a) oral settlement discussions containing proprietary information regarding specific control technologies, unit operations, costs, or performance and (b) materials in written or electronic form containing proprietary information regarding specific control technologies, unit operations, costs, or performance that are: (i)

2

provided for purposes of settlement negotiations with respect to the Subject Claims, and (ii) are labeled in accordance with Paragraph 3.

2.  All written or electronic materials that a Party wishes to have treated as Settlement Communications under this Stipulated Order shall be conspicuously labeled "Settlement Communication - Subject to Confidentiality Order" at the time of the exchange; provided however, that any other Party may dispute, either at the time of designation or later, that the written or electronic material is a Settlement Communication within the meaning of this Stipulated Order.

3.  Any Settlement Communication that contains Proprietary Information shall be conspicuously labeled "Settlement Communication – Proprietary Information – Subject to Confidentiality Order" at the time of exchange; provided however, that any other Party may dispute, either at the time of designation or later, that the written or electronic material is a Settlement Communication or contains Proprietary Information within the meaning of this Stipulated Order.  Any written Settlement Communication that contains Proprietary Information shall be provided by AEP in numbered copies, and shall not be copied or reproduced, or disclosed to persons or entities not a Party to this Stipulated Order.  Settlement Communications that contain Proprietary Information shall be returned in accordance with Paragraph 17.

4.  Any trade secrets or commercial or financial information provided to the United States by AEP that AEP wishes to protect as confidential business information shall be provided and managed in accordance with 40 C.F.R. Part 2.  To the extent that such information is also claimed as a Settlement Communication pursuant to this Stipulated Order, such information shall

3

also be handled in accordance with this Stipulated Order.

5. Pursuant to this Stipulated Order, the United States, the Commonwealth of Massachusetts, and Sierra Club are permitted to discuss the contents of the Settlement Communications and any Proprietary Information with the Plaintiffs to this litigation, and permit the Plaintiffs to examine the Settlement Communications containing Proprietary Information provided by AEP.

6. Except as otherwise provided in this Stipulated Order, the Party receiving Settlement Communications and/or Proprietary Information under this Stipulated Order shall keep them confidential and not disclose them to persons or entities not a Party to this Stipulated Order. The Parties shall take all necessary and appropriate measures to maintain the confidentiality of Settlement Communications and Proprietary Information and to retain written or electronic material in a secure manner.

7. A representative of a Party who obtains Settlement Communications under this Stipulated Order may share such information with those attorneys or employees of the receiving Party who in the opinion of such Party are responsible for these settlement negotiations or for whom such information relates to their official duties, provided that any person with whom such information is shared under this Paragraph shall be specifically made aware of this Stipulated Order. A representative of a Party who obtains Settlement Communications under this Agreement also may share such information with those consultants and experts of the Party who are assisting in the negotiations and who, in the opinion of such Party, require access, provided that any person with whom such information is shared is specifically made aware of, and, prior to

4

receiving the information, agrees in writing to be bound by, the provisions of this Stipulated Order as if he/she were a Party.  No additional copies of any written or electronic Settlement Communication containing Proprietary Information shall be made.  A Party who obtains written or electronic Settlement Communications containing Proprietary Information that needs to be shared according to this Paragraph shall request an additional numbered copy from AEP.

8.  Any Settlement Communication subject to this Stipulated Order may be disclosed to a third party when the provider of the Settlement Communication has given express written permission prior to such disclosure, subject to the notice requirements of Paragraph 10.

9.  Information otherwise admissible or discoverable or subject to subpoena in any proceeding shall not be rendered inadmissible or non-discoverable or not subject to subpoena because of its use in settlement negotiations in this case.  Further, this Stipulated Order shall not prohibit the disclosure of oral communications or written or electronic material already lawfully in the public domain, or developed or existing independent of the Parties' negotiations of the Subject Claims.

10.  In the event a Party receives a subpoena, court order, or, in the case of the United States, a FOIA request for Settlement Communications, or a request for public records under the Massachusetts Public Records Law, G.L. c. 66, § 10, and G.L. c. 4, § 7, Twenty-Sixth clause, such Party shall notify the other Party as soon as possible of the request and of that Party's proposed response.

11.  Pursuant to Federal Rules of Evidence 502, the sharing of Settlement Communications by and between the Parties shall not result in a waiver of any attorney-client

privilege or attorney work product protection applicable to the Settlement Communication prior

to its exchange with the other Party under this Stipulated Order. Further, any unauthorized

disclosure of Settlement Communications under this Stipulated Order shall not result in a waiver

of any attorney-client privilege or attorney work product protection applicable to the Settlement

Communication prior to its exchange with the other Party and unauthorized disclosure.

12. This Stipulated Order does not affect or change in any manner the confidentiality

and/or admissibility of materials, information and communications prepared by or exchanged

between the Parties in settlement negotiations held prior to entry of this Stipulated Order.

13. Nothing in this Stipulated Order limits the full application of Federal Rules of

Evidence 408 to Settlement Communications.

14. Nothing in this Stipulated Order limits the right of the United States to take any

action to enforce the laws of the United States or to protect public health, safety, welfare or the

environment. Further, nothing in this Stipulated Order limits the United States from complying

with the requirements or established government policies of public participation regarding

settlement agreements.

15. Any Party may terminate settlement negotiations at any time, and may apply to this

Court to terminate this Order; provided, however, that the Party shall notify the other Parties in

writing of its intention to make application to the court to terminate this Stipulated Order at least

15 days in advance of making application; and provided further, that the confidentiality and

notice obligations imposed under this Stipulated Order shall remain in full force and effect,

without regard to whether this Stipulated Order has been terminated, with respect to all

Settlement Communications and Proprietary Information made or exchanged prior to the date of termination.

16. This Stipulated Order shall remain in effect upon the conclusion of these proceedings.

17. Within 21 days of receipt of any Settlement Communication containing Proprietary Information, or upon termination of settlement negotiations, whichever is sooner, subject to federal recordkeeping requirements and other legal obligations, all numbered copies of written or electronic Settlement Communications provided pursuant to this Stipulated Order containing Proprietary Information shall be returned to the providing Party, unless this period is extended by mutual written agreement. Upon termination of settlement negotiations, all notes, extracts, summaries, evaluations, or descriptions of the Proprietary Information or portions thereof shall be retained in accordance with the requirements of this Stipulated Order, or destroyed. Any Party required to return Settlement Communications containing Proprietary Information pursuant to this Stipulated Order shall take all reasonable and necessary steps to promptly comply with such requirement, and shall confirm its compliance in writing to the requesting Party.

18. The undersigned representative of each Party certifies that he or she is authorized to enter into this Stipulated Agreement and to execute for and bind the Party whom he or she represents.

IT IS SO ORDERED this _____4th_____ day of ___October___, 2012.

_____
EDMUND A. SARGUS, JR.
U.S. DISTRICT JUDGE

7

**FOR THE UNITED STATES OF AMERICA:**

IGNACIA S. MORENO
Assistant Attorney General
Environmental and Natural Resources Division
United States Department of Justice


MYLES E. FLINT, II
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20530
(202) 307-1859
myles.flint@usdoj.gov

8

**FOR THE COMMONWEALTH OF MASSACHUSETTS:**

MARTHA COAKLEY
Attorney General

FREDERICK D. AUGENSTERN
Assistant Attorney General
Environmental Protection Division
1 Ashburton Place, 18th Floor
Boston, Massachusetts 02108
(617) 963-2427
Fred.augenstern@state.ma.us

9

**FOR SIERRA CLUB:**

KRISTIN HENRY
Staff Attorney
Sierra Club
85 Second Street
San Francisco, CA 94105-3441
(415) 977-5716 phone
kristin.henry@sierraclub.org

**FOR AMERICAN ELECTRIC POWER SERVICE CORPORATION:**


JANET J. HENRY
Deputy General Counsel
American Electric Power Service Corporation
1 Riverside Plaza
Columbus, Ohio 43215
(614) 716-1612
jjhenry@aep.com

11